FILED
99 NOV 29 PM 3:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 29 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DONALD DAVIS, *et al.*,        }
                                }
    Plaintiffs,                 }
                                }    CIVIL ACTION NO.
v.                              }
                                }    99-AR-3019-M
R. D. WERNER CO., INC.          }
                                }
    Defendant.                  }
                                }

**MEMORANDUM OPINION**

The above-entitled case was filed in the Circuit Court of St. Clair County, Alabama, on November 16, 1998.  It was removed to this court on November 10, 1999.  Plaintiff, Donald Davis ("Donald"), seeks damages for personal injuries sustained by him and allegedly caused by the negligence and wantonness of defendant, R. D. Werner Co., Inc. ("Werner").  Plaintiff, Karen Davis ("Karen"), the wife of Donald, claims for a loss of consortium as a result of her husband's injuries.  She herself sustained no physical injury.  In Alabama, the only reason for alleging wanton misconduct is to lay a predicate for an award of punitive damages.  A spouse's consortium claim carries no possibility for recovering punitive damages.  Neither plaintiff sets forth an *ad damnum* in the complaint.

Werner, which has citizenship diverse from that of both Donald and Karen, waited until November 10, 1999, to remove under the

grant of removal jurisdiction in 28 U.S.C. § 1332. In addition to complete diversity, this statute requires that the amount in controversy exceed $75,000, exclusive of interest and costs; and 28 U.S.C. § 1446 requires that any case be removed within thirty days of the first notice to a defendant of facts demonstrating removability. As the one-year limitation date for removal of a diversity case fast approached, Werner requested of Donald that he admit the obvious, namely, that Donald seeks more than $75,000 in compensatory damages. Peculiarly, the request was limited to compensatory damages. Werner made no such request of Karen. This constitutes an admission that Werner discerned that Karen's claim could never realistically be expected to exceed $75,000. In other words, Werner clearly knew from the beginning of the case that Karen's claim was less than the jurisdictional amount.

At a status conference held on November 24, 1999, plaintiffs, by counsel, entered separate oral motions to remand. Donald raises only the 30-day time bar, whereas Karen raises both the time bar and her willingness to clarify any possible ambiguity by forever disclaiming all sums in excess of $74,999. Werner was, of course, correct in concluding that Karen's claim does not exceed $75,000, and was thus not removable, both when her action was filed and when it was removed. Donald's and Karen's separate actions, while contained in a single complaint and arising from a single event, are separate for the purposes of the need for the requisite

jurisdictional amount. They cannot be aggregated to obtain that amount. *Moore's Federal Practice*, 3d Ed., § 102.108[3][b] states the applicable proposition as follows:

> ...if several plaintiffs assert claims in a single action against a single defendant that are "separate and distinct," rather than joint, the amount involved in each claim must meet the requisite amount in order to be within the jurisdiction of the district court. Those amounts cannot be aggregated in order to satisfy jurisdictional requirements.

(citing, *Kirklin v. Montgomery Ward & Co., Inc.,* 882 F. Supp. 1020, 1022 (M.D. Ala. 1995)).

This court clearly lacks subject matter jurisdiction over Karen's claim and would remand it *sua sponte* even if she had not made a motion to remand.

Werner argues that it waited to remove Donald's action until it obtained Donald's admission that he seeks more than $75,000 in compensatory damages because until that admission Werner was afraid that it could not meet the burden imposed on it by *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994), requiring that a removing defendant prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. While the court has no reason to doubt Werner's honesty in this regard, the court respectfully disagrees with Werner's judgment on the point. Defendants in other cases in this court and in other courts, regularly and routinely remove their cases under pleading circumstances identical to these. This defendant should have had no fear of sanctions or of the imposition of costs for an erroneous

removal of a case where the plaintiff was enigmatic as to the amount of his claim, particularly when personal injuries are described and punitive damages are sought. In fact, if a judge should, on plaintiffs' motion, remand such a case removed within 30 days of its filing, and the defendant should, in the state court, obtain an admission from that plaintiff that the amount he seeks exceeds $75,000, another (and this time efficacious) removal could be effected. Quite often a removing defendant, even though unsuccessful in defending a motion to remand, wins the substantial benefit described in *Bailey v. Wal-Mart,* 981 F. Supp. 1415 (N.D. Ala. 1997), namely, forever capping the *ad damnum*.

Werner had more than enough information upon which to have removed this case within 30 days from its receipt of the original summons and complaint filed in the state court. Not having done so, Donald's motion to remand is due to be granted. Karen's motion will be granted for the reason that the jurisdictional amount is lacking in her case, and if this court is wrong on this, and the removal comes too late.

DONE this 29th day of November, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE